JD:GK
F#. 2019R00525

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

IN THE MATTER OF AN APPLICATION
FOR A SEARCH WARRANT FOR:

THE PERSON KNOWN AND
DESCRIBED AS DELLON KING

- - - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT
OF APPLICATION FOR A
SEARCH WARRANT

(Fed. R. Crim. P. 41; T. 18,
U.S.C., §§ 922(g)(1) and 924(a)(2))

No. 19-MJ-423

EASTERN DISTRICT OF NEW YORK, SS:

NATALIE A. DIAZ, being duly sworn, deposes and states that she is a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, duly appointed according to law and acting as such.

Upon information and belief, there is probable cause to believe that evidence of violations of Title 18, United States Code, Section 922(g)(1)—specifically, that, on or about March 19, 2019, the defendant DELLON KING did knowingly and intentionally possess a firearm after having been previously convicted in a court of a crime punishable by a term of imprisonment exceeding one year—will be obtained by the taking, and preserving as evidence, of a buccal swab sample or blood sample of the defendant.[1]

---

[1] Some of the courts that have addressed the issue have found that obtaining DNA via saliva is subject to the protections of the Fourth Amendment. See United States v. Nicolosi, 885 F. Supp. 50, 51-56 (E.D.N.Y. 1995) (Glasser, J.); In re Shabazz, 200 F. Supp. 2d 578, 581-85 (D.S.C. 2002). But see United States v. Owens, 2006 WL 3725547, at *6-17 (W.D.N.Y. Dec. 15, 2006) (finding probable cause not necessary for a saliva sample for DNA from an inmate); In re Vickers, 38 F. Supp. 2d 159, 165-68 (D.N.H. 1998) (permitting saliva sample by grand jury subpoena).

The source for your deponent's information and the grounds for her belief are as follows:[2]

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). The facts set forth in this affidavit are based upon my own investigation of the facts and upon what I have learned from other individuals who have participated in the investigation. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

2. I have been involved in an investigation of the defendant related to the aforementioned criminal activity.

3. On March 25, 2019, the Honorable Sanket J. Bulsara, United States Magistrate Judge, issued a warrant for the defendant DELLON KING's arrest on the basis of a complaint. (No. 19-MJ-264.) The complaint and arrest warrant are attached hereto as Exhibit A and the factual recitation therein is incorporated fully herein. The defendant DELLON KING was arrested and brought into federal custody on or about April 3, 2019. On April 17, 2019, an indictment was filed charging DELLON KING with one count of being a felon in possession of a firearm and ammunition. (19-CR-00185.)

4. As set forth in Exhibit A, on or about March 19, 2019, at approximately 11:51 p.m., three New York City Police Department ("NYPD") officers received a notification over the radio of a round fired at the street level at or around 981 East 49th Street in the 67th Precinct (the "Reported Location"). The officers ("Officer-1",

---

[2] Because the purpose of this affidavit is to set forth only those facts necessary to establish probable cause to search, I have not set forth all of the facts and circumstances relevant to this investigation.

"Officer-2", and "Officer-3")[3] conducted a canvas of the area surrounding the Reported Location in an unmarked police car. Officer-1 was seated in the rear left seat, Officer-2 was in the front passenger seat, and Officer-3 was driver. While traveling eastbound on Foster Avenue, they observed the defendant DELLON KING and another individual standing a block and a half away from the Reported Location. There were no other individuals in the immediate vicinity. The officers observed that KING was holding a large open glass bottle of alcohol, which was later identified as Remy Martin cognac.

     5.     The officers displayed their respective shields, announced themselves as police officers, and approached the defendant DELLON KING and the other individual. As they approached, the officers detected a strong odor of alcohol emanating from KING and the other individual. The officers also observed KING turn his body away from Officer-2 in a manner that led Officer-2 to believe that the defendant was in possession of a weapon.

     6.     Officer-2 asked the defendant DELLON KING and the other individual if they had heard anything. The defendant responded, in sum and substance, "Yeah, there is people shooting down the block."

     7.     Officer-2 observed what appeared to be a hard object inside the defendant DELLON KING's pants pocket, supporting his belief that KING had a weapon. Officer-2 patted down KING's pants pocket and confirmed that a cell phone was inside. As the officer continued to pat upwards, he felt a hard, L-shaped object behind or inside

---

[3] Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them as Officer-I, Officer-2 and Officer-3 for ease of reference. The identities of each of these individuals are known to the affiant.

KING's jacket pocket. Officer-2 unzipped the jacket, took out a flashlight, and illuminated the jacket's inside pocket, where he observed the handle of a firearm protruding from the pocket. KING placed his hand inside the pocket, after which Officer-2 pulled KING's jacket off to prevent him from gaining access to it. From within the jacket pocket, the officer recovered a firearm.

8. Officer-2 placed the firearm into a plastic bag and secured it in the vehicle.

9. I have reviewed the defendant DELLON KING's criminal history records. On or about May 29, 2013, KING was convicted in the State of New York of Assault in the Second Degree, in violation of New York Penal Law§ 120.05, a Class D felony under New York law, punishable by more than one year imprisonment.

10. In connection with the investigation of the crime scene, law enforcement agents collected swabs of possible DNA evidence from the firearm, including from the (i) trigger and trigger guard; (ii) "front strap, back strap, [and] side grips"; and (iii) "slide grip grooves [and] safety." The DNA evidence collected by law enforcement has been sent for testing by the New York City Office of the Chief Medical Examiner ("OCME") for the presence of DNA. I know from my training and experience, as well as my conversations with other law enforcement officials, that DNA can be recovered from objects such as a firearm.

11. Based on the facts set forth in paragraphs 4 through 10 above and information obtained during the course of the investigation, there is a substantial likelihood that the DNA of the defendant DELLON KING will be found on the firearm.

12. The government wishes to compare the DNA from the firearm with a DNA sample obtained directly from the defendant (e.g., a buccal swab).

13. Based on the above information, there is probable cause to believe that the defendant DELLON KING is a contributor to DNA evidence found on the firearm. Therefore, there is probable cause to believe that a buccal swab or sample of his blood would constitute evidence of the defendant's commission of the charged crimes.

WHEREFORE, your deponent requests that a search warrant be issued authorizing ATF Special Agents, New York City Police Department officers, United States Marshals and other appropriate law enforcement and support personnel to seize and obtain from the defendant DELLON KING a buccal swab sample or sample of blood. An appropriately trained law enforcement officer, or an appropriately trained designee, will perform the cheek swabbing. The DNA samples sought herein will be collected by buccal swabbing. This method involves taking a sterile swab (similar to a Q-Tip) and gently scrubbing the inside right cheek, then the inside left cheek, for approximately five to ten seconds. Two samples are requested in the event that one of the samples becomes contaminated or otherwise cannot be tested. The samples seized will be subsequently submitted to a forensic laboratory for examination and will be subject to examination, testing and analysis. A blood sample will only be sought in the event that KING refuses to submit

to a buccal cheek swab. In the event that a blood sample is taken, a licensed doctor or nurse or other qualified medical practitioner will take the sample.

_____
Natalie A. Diaz
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me this
_7_ day of May, 2019

_____
THE HONORABLE PEGGY KUO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

# EXHIBIT A

AB:GK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-against-

DELLON KING,

                Defendant.

- - - - - - - - - - - - - - - - - - - X

**TO BE FILED UNDER SEAL**

AFFIDAVIT AND COMPLAINT
IN SUPPORT
OF APPLICATION FOR
AN ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

19-~~MC-788~~ MJ-264

EASTERN DISTRICT OF NEW YORK, SS:

      DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

      Upon information and belief, on or about March 19, 2019, within the Eastern District of New York, the defendant DELLON KING, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a Jennings .22 caliber pistol bearing serial number BYRCQ.

      (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for her belief are as follows[1]:

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms offenses. I am currently assigned to the Triggerlock Unit. I am familiar with the facts and circumstances set forth below from my personal involvement in this investigation, my review of documents, records and reports, and from reports made to me by other law enforcement Detectives and personnel. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. At approximately 11:51 p.m. on March 19, 2019, three New York City Police Department ("NYPD") received a notification over the radio of a round fired at the street level at or around 981 East 49th Street in the 67th Precinct (the "Reported Location"). NYPD officers ("Officer-1", "Officer-2", and "Officer-3")[2] conducted a canvas of the area surrounding the 981 East 49th Street in an unmarked police car. Officer-1 was seated in the rear left seat, Officer-2 was in the front passenger seat, and Officer-3 was driver. While travelling eastbound on Foster Avenue, Officer-1 observed the defendant DELLON KING and another individual (the "Other Individual") standing a block and a half away from the

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them as Officer-1, Officer-2 and Officer-3 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1, Officer-2 and Officer-3 about the events set forth herein. In addition, I have reviewed body camera footage that corroborates the officers' account.

2

Reported Location, at or around the corner of Foster Avenue and East 48th Street. The defendant and the Other Individual were the only people in the immediate vicinity of the Reported Location. Officer-1 observed that the defendant was holding a large open glass bottle of alcohol, which was later identified as Remy Martin cognac.

3. The officers displayed their respective shields, announced themselves as police officers, and approached the defendant DELLON KING and the Other Individual. Officer-1 detected a strong odor of alcohol emanating from the defendant and the other individual. The officers observed that the defendant turn his body away from Officer-2 in a manner that led Officer-2 to believe that the defendant was in possession of a weapon.

4. Officer-2 asked the defendant DELLON KING and the Other Individual if they had heard anything. The defendant responded, in sum and substance, "yeah, there is people shooting down the block."

5. Officer-2 observed what appeared to be a hard object inside the defendant DELLON KING's pants pocket, supporting his belief that the defendant had a weapon. Officer-2 patted down the pants pocket of the defendant and recovered a cell phone from his pants pocket. As Officer-2 continued to pat upwards, he felt a hard, L-shaped object behind or inside the defendant's jacket pocket. Officer-2 unzipped the jacket and took out a flashlight and illuminated the jacket's inside pocket, where he observed the handle of a firearm protruding from the pocket. The defendant placed his hand inside the pocket, after which Officer-2 pulled the jacket off of the defendant to prevent the defendant from gaining access to it. From within the jacket pocket, Officer-2 recovered a firearm. Officer-2 placed the firearm into a plastic bag and secured it in the vehicle.

6.  An examination of the firearm by law enforcement agents showed it to be a Jennings .22 caliber pistol bearing serial number BYRCQ, with a magazine containing two rounds.

7.  The defendant DELLON KING stated, in sum and substance, "That ain't have nothing to do with me," and asked, "Who called you? Who is the probable cause?"

8.  The officers placed the defendant DELON KING under arrest and transferred him to the 67th precinct.

9.  Approximately 9 hours later, the officers obtained video surveillance from 4901 Farragut Road, across the street from the Reported Location. The surveillance depicts two individuals walking down the street, during which time one individual holds up what appears to be a firearm, fires a shot into the sky, and hands the object back to the other individual. Based on the clothing and personal features of the individuals in the surveillance video, the officers confirmed that the individuals were the defendant DELON KING and the Other Individual.

10. Based on my discussions with an interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives I know that the firearm recovered from the defendant was manufactured outside of the State of New York.

11. I have reviewed the defendant's criminal history records. On or about May 29, 2013, the defendant was convicted in the State of New York of Assault in the Second Degree, in violation of New York Penal Law § 120.05, a Class D felony under New York law, punishable by more than one year imprisonment.

WHEREFORE, your deponent respectfully requests that the defendant DELLON KING be dealt with according to law.

4

I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, I have learned that criminals actively search for criminal affidavits and arrest warrants via the internet. Therefore, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving the defendant an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence and change patterns of behavior.

_____
DEBRA LAWSON
Detective
New York City Police Department

Sworn to before me this
25th day of March, 2019

_____
THE HONORABLE SANKET J. BULSARA
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| United States of America | ) |
|---|---|
| v. | ) |
| DELLON KING | ) Case No. 19-MC-788  MJ 264 |
| | ) |
| | ) |
| Defendant | ) |

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* DELLON KING,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment  ☐ Superseding Indictment  ☐ Information  ☐ Superseding Information  ☐ Complaint
☐ Probation Violation Petition  ☒ Supervised Release Violation Petition  ☐ Violation Notice  ☐ Order of the Court

This offense is briefly described as follows:

Felon in possession of a firearm, in violation of Title 18, U.S.C., Section 922(g)(1)

Date: 03/25/2019

_____
*Issuing officer's signature*

City and state: Brooklyn, New York

Honorable Sanket J. Bulsara, U.S. Magistrate Judge
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____   Weight: _____

Sex: _____   Race: _____

Hair: _____   Eyes: _____

Scars, tattoos, other distinguishing marks: _____

History of violence, weapons, drug use: _____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

FBI number: _____

Complete description of auto: _____

Investigative agency and address: _____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>THE PERSON KNOWN AND DESCRIBED AS<br>DELLON KING | ) ) ) ) ) ) ) Case No. 19 MJ 423 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Eastern_____ District of _____New York_____
*(identify the person or describe the property to be searched and give its location)*:

The person known and described as Dellon King.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

DNA contained in a buccal swab sample or blood sample which constitutes evidence of violations of Title 18, United States Code, Section 922(g)(1).

**YOU ARE COMMANDED** to execute this warrant on or before _____May 21, 2019_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____the Duty Magistrate Judge_____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: May 7, 2019  10:54 am

_____
*Judge's signature*

City and state: Brooklyn, New York     Hon. Peggy Kuo     U.S.M.J.
*Printed name and title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br>19 MJ 423 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

| **Certification** |
|---|
| I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.<br><br><br>Date: _____<br>*Executing officer's signature*<br><br>_____<br>*Printed name and title* |